O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ETIAN RIVERA,                                )   Case No. SACV 09-738 RNB
                                             )
                            Plaintiff,       )
                                             )
           vs.                               )   ORDER REVERSING DECISION OF
                                             )   COMMISSIONER AND REMANDING
                                             )   FOR FURTHER ADMINISTRATIVE
MICHAEL J. ASTRUE,                           )   PROCEEDINGS
Commissioner of Social Security,             )
                                             )
                            Defendant.       )
_____             )

The Court now rules as follows with respect to the seven disputed issues listed in the Joint Stipulation.[1]

The Court's determination of whether the Administrative Law Judge ("ALJ") properly found at Step Two of the Commissioner's sequential evaluation process that plaintiff's borderline intellectual functioning was not a severe mental impairment (i.e., Disputed Issue No. 5) turns on whether the ALJ failed to properly consider the

_____

[1]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

treating psychiatrist's opinion (i.e., Disputed Issue No. 1), failed to properly consider the school psychologist's findings (i.e., Disputed Issue No. 2), failed to properly consider the consultative examiner's opinion (i.e., Disputed Issue No. 3), failed to properly consider the State Agency physician's findings (i.e., Disputed Issue No. 4), and/or failed to properly consider the treating clinician's opinion (i.e., Disputed Issue No. 6), insofar as those opinions and/or findings supported a finding that plaintiff's borderline intellectual functioning had more than a minimal effect on the claimant's mental ability to perform basic work activities.  See 20 C.F.R. § 416.921(a).  Basic mental work activities include understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  See 20 C.F.R. § 416.921(b); Social Security Ruling[2] ("SSR") 85-28.

For the reasons stated by the Commissioner (see Jt Stip at 8-9, 20-21), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the school psychologist's findings (i.e., Disputed Issue No. 2) or the ALJ's alleged failure to properly consider the treating clinician's opinion (i.e., Disputed Issue No. 6).

With respect to Disputed Issue No. 1, the Court finds that Dr. Kinsback's assessment of plaintiff's current GAF in his initial psychiatric evaluation conducted on September 18, 2007 was not probative of whether plaintiff had a severe mental impairment; indeed, Dr. Kinsback did not even purport to render an opinion on plaintiff's highest GAF during the past year.  (See AR 321).  Further, as the ALJ noted, "neither [Dr. Kinsback's] report nor the medical evidence of record as a whole indicates ongoing symptoms, signs, or findings consistent with any medically determinable depressive disorder or with severe mental impairments."  (See AR 21).

---

[2]    Social Security Rulings are binding on ALJs.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1    The Court finds that the ALJ thus did state a legally sufficient reason, supported by
2    the evidence of record, for not crediting Dr. Kinsback's GAF assessment, insofar as
3    that assessment could be construed as meaning that plaintiff's borderline intellectual
4    functioning had more than a minimal effect on plaintiff's mental ability to perform
5    basic work activities.  See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)
6    (holding that "[t]he ALJ need not accept the opinion of any physician, including a
7    treating physician, if that opinion is brief, conclusory, and inadequately supported by
8    clinical findings"); see also Batson v. Commissioner of Social Security
9    Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may
10   discredit treating physicians' opinions that are conclusory, brief, and unsupported by
11   the record as a whole, . . . or by objective medical findings").

12        However, with respect to Disputed Issue No. 3, the Court concurs with plaintiff
13   that the ALJ erred in failing to credit Dr. McGee's opinion that plaintiff was limited
14   to routine, repetitive or simple tasks.  Contrary to the ALJ's stated rationale for
15   rejecting that opinion (see AR 21), Dr. McGee's report reflects that his opinion was
16   based on his clinical findings and his interpretation of the tests that he administered
17   during his extensive evaluation.  (See AR 231-36).

18        Moreover, with respect to Disputed Issue No. 4, the Court concurs with plaintiff
19   that the ALJ erred in failing to credit the State Agency physician's opinion that
20   plaintiff was moderately limited in the ability to understand and remember **detailed**
21   instructions, carry out **detailed** instructions, and maintain attention and concentration
22   for **extended** periods.  (See AR 240 (emphasis added)).  The ALJ implied that the
23   State Agency physician's opinion was contradicted by Dr. McGee's findings on
24   mental status examination.  (See AR 21, citing AR 233).  The Court disagrees.

25        Based on the Court's findings that the ALJ erred in failing to credit the opinions
26   of Dr. McGee and the State Agency physician, the Court is unable to find or conclude
27   that the ALJ's finding of non-severity was "clearly established by medical evidence."
28   Thus, it is unnecessary to determine at this juncture whether the ALJ erred in failing

to obtain the testimony of a vocational expert regarding plaintiff's non-exertional limitations (i.e., Disputed Issue No. 7).  Rather, adjudication must continue through the sequential evaluation process.  See SSR 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED:  January 20, 2010

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3]    It is not the Court's intent to limit the scope of the further proceedings on remand or to foreclose further development of the record with respect to plaintiff's treating psychiatrist's opinions.

4